**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

HAKEEM AWE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil Action No. 15-8155 (JLL)

**OPINION**

**LINARES**, District Judge:

Presently before the Court is the amended motion of Hakeem Awe ("Petitioner") to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255. (ECF No. 5). Following an order to answer, the Government filed a response to the amended motion. (ECF No. 10). Although provided ample time to do so, Petitioner failed to file a reply brief. (*See* ECF No. 13). For the following reasons, this Court will deny Petitioner's amended motion to vacate sentence and will deny Petitioner a certificate of appealability.

**I. BACKGROUND**

On March 25, 2014, Petitioner Hakeem Awe pled guilty to mail fraud in violation of 18 U.S.C. § 1341 and aggravated identity theft in violation of 18 U.S.C. § 1028A pursuant to a negotiated plea agreement. (Document 1 attached to ECF No. 10, Document 2 attached to ECF No. 10 at 4). These charges arose out of Petitioner's having engaged in a scheme to defraud the federal government by filing false tax returns on behalf of numerous individuals in order to obtain fraudulent tax refund checks from the IRS which he ultimately deposited in his various bank accounts. (*See* Document 1 attached to ECF No. 10 at 19-21). Pursuant to his plea agreement,

Petitioner pled guilty to these two charges in exchange for the dismissal of the two remaining counts in his indictment. (Docket No. 13-86 at ECF Nos. 15, 29). Under the agreement, Petitioner and the Government also agreed to several sentencing stipulations, including the following: 1) that Petitioner's base offense level for mail fraud was seven; 2) that he would receive a fourteen level upward adjustment reflecting a stipulated loss amount between $400,000 and $1,000,000 for the purposes of the sentencing guidelines resulting in a preliminary offense level of 21 for the fraud count; 3) that Petitioner had shown acceptance of responsibility and should receive a three level downward adjustment for that acceptance under U.S.S.G. § 3E1.1; 4) that Petitioner's total offense level for the fraud count should therefore be 18; and 5) that the identity fraud count was subject to a mandatory two year imprisonment term to run consecutive to any sentence on the mail fraud charge. (Docket No. 13-86 at ECF No. 29 at 3, 7-9).

Following Petitioner's entry of a guilty plea on those two counts, Probation produced a pre-sentence report for Petitioner which included a substantially different guidelines calculation. (*See* Document 2 attached to ECF No. 10 at 6). In the view of the officer who prepared the PSR, Petitioner's loss amount should have been calculated as approximately 1.2 million dollars based on information provided by the IRS, and Petitioner should therefore receive a 16, as opposed to 14, level increase for his fraud count. (*Id.*). Probation also recommended a four level increase because Petitioner's scheme had included fifty or more victims, which had not been accounted for in the plea agreement's stipulations. (*Id.*). Finally, Probation also recommended that Petitioner not receive an acceptance of responsibility reduction because Petitioner had not fully cooperated with the financial investigation undertaken as part of the PSR process to determine the actual loss and restitution amounts. (*Id.*). These differences would have resulted in Petitioner's offense level being nine levels higher than that recommended in the plea agreement, which would have resulted

in a substantially higher guidelines sentencing range. (*Id.* at 7).

Petitioner appeared for sentencing in this matter on November 18, 2014. (*Id.* at 1). Petitioner's counsel did not submit a sentencing memorandum in advance of sentencing. (*Id.* at 4-5). At sentencing, the Government contended that the Court should sentence Petitioner in accordance with the plea agreement rather than follow the recommendations in the pre-sentence report, and explained the basis for the stipulations contained in the agreement. (*Id.* at 6-12). Petitioner's attorney likewise argued that the Court should follow the agreement, specifically noting that he believed Petitioner had complied with the Government, pled guilty, and attempted to aid their investigations thereafter, and argued that Petitioner should therefore receive the benefit of his acceptance of responsibility. (*Id.* at 12-14). Based on the arguments of both the Government and Petitioner's counsel, this Court concluded that it would accept the lower guidelines range contained in the plea agreement, rather than the higher range recommended in the PSR, although the Court noted that the PSR was not incorrect and that, absent the plea agreement and the contentions of counsel, a sentence in the range recommended by the PSR would not be improper. (*Id.* at 16-17).

At sentencing, Petitioner's counsel argued for a sentence at the low end of the plea agreement guidelines range. (*Id.* at 19-25). Counsel argued that this Court should take into account that Petitioner was just a part of a much larger scheme, and was not the mastermind behind that scheme. Further, Counsel avers that Petitioner had complied with all of the rules of his house arrest during the lengthy pre-trial period, and that Petitioner had a wife who was unwell and young children, for whom he was the chief source of support thus indicating that a long sentence would be a severe hardship on Petitioner and his family. (*Id.*). Counsel also argued that the Court should take into consideration Petitioner's attempts at cooperating with the Government in

3

investigating the scheme in which he was involved, which, although insufficient to earn a letter for a downward departure from the Government, had been considerable. (*Id.* at 24-25). Based on these arguments, including Petitioner's attempted cooperation with the Government, this Court concluded that a sentence within the plea agreement guideline range was appropriate, and therefore sentenced Petitioner to a total of 57 months, including a 33 month sentence on the fraud count and the required two year consecutive sentence on the identity theft count of the indictment. (*Id.* at 31-36). Although this Court gave Petitioner a sentence within the range recommended by the plea agreement, Petitioner was ordered to pay restitution based on the information contained in the PSR, requiring total restitution in the amount of $1,242,047.20. (*Id.* at 34).

## II. DISCUSSION

### A. Legal Standard

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Unless the moving party claims a jurisdictional defect or a constitutional violation, to be entitled to relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*,

4

599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert. denied* 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003).

### B. Petitioner is not entitled to an evidentiary hearing

28 U.S.C. § 2255(b) requires an evidentiary hearing for all motions brought pursuant to the statute "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Booth,* 432 F.3d 542, 545 (3d Cir. 2005); *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992). "Where the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted by the petitioner or indicate[s] that petitioner is not entitled to relief as a matter of law, no hearing is required." *Judge v. United States*, 119 F. Supp. 3d 270, 280 (D.N.J. 2015); *see also Government of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985); *see also United States v. Tuyen Quang Pham*, 587 F. App'x 6, 8 (3d Cir. 2014); *Booth*, 432 F.3d at 546. For the reasons set forth below, both of Petitioner's claims are clearly without merit based on the record before the Court, and Petitioner is therefore not entitled to an evidentiary hearing.

### C. Petitioner's Ineffective Assistance of Counsel Claims

In his motion to vacate sentence, Petitioner raises two claims, both of which assert that his trial counsel was constitutionally ineffective at sentencing. The standard applicable to ineffective assistance claims is well established:

> [c]laims of ineffective assistance are governed by the two-prong test set forth in the Supreme Court's opinion in *Strickland v. Washington*, 466 U.S. 668 (1984). To make out such a claim under *Strickland*, a petitioner must first show that "counsel's performance

5

was deficient. This requires [the petitioner to show] that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687; *see also United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007). To succeed on an ineffective assistance claim, a petitioner must also show that counsel's allegedly deficient performance prejudiced his defense such that the petitioner was "deprive[d] of a fair trial . . . whose result is reliable." *Strickland*, 466 U.S. at 687; *Shedrick*, 493 F.3d at 299.

In evaluating whether counsel was deficient, the "proper standard for attorney performance is that of 'reasonably effective assistance.'" *Jacobs v. Horn*, 395 F.3d 92, 102 (3d Cir. 2005). A petitioner asserting ineffective assistance must therefore show that counsel's representation "fell below an objective standard of reasonableness" under the circumstances. *Id.* The reasonableness of counsel's representation must be determined based on the particular facts of a petitioner's case, viewed as of the time of the challenged conduct of counsel. *Id.* In scrutinizing counsel's performance, courts "must be highly deferential . . . a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Even where a petitioner is able to show that counsel's representation was deficient, he must still affirmatively demonstrate that counsel's deficient performance prejudiced the petitioner's defense. *Id.* at 692-93. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. The petitioner must demonstrate that "there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Shedrick*, 493 F.3d at 299. Where a "petition contains no factual matter regarding *Strickland's* prejudice prong, and [only provides] . . . unadorned legal conclusion[s] . . . without supporting factual allegations," that petition is insufficient to warrant an evidentiary hearing, and the petitioner has not shown his entitlement to habeas relief. *See Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010). "Because failure to satisfy either prong defeats an ineffective assistance claim, and because it is preferable to avoid passing judgment on counsel's performance when possible, [*Strickland*, 466 U.S. at 697-98]," courts should address the prejudice prong first where it is dispositive of a petitioner's claims. *United States v. Cross*, 308 F.3d 308, 315 (3d Cir. 2002).

*Judge*, 119 F. Supp. 3d at 280-81.

In his first claim, Petitioner asserts that his trial counsel was ineffective insomuch as counsel did not file a sentencing memorandum and because Petitioner believes he did not adequately argue for a lesser sentence than the one Petitioner ultimately received. There is only one argument that Petitioner contends counsel should have, but did not, raise – that Petitioner's history of drug and alcohol abuse should have been raised as a mitigating factor. Petitioner presents little in the way of argument in support of this contention. It is clear, however, that had counsel raised that argument at sentencing, it would not have reduced Petitioner's resulting sentence.

In this matter, counsel secured for Petitioner an extremely favorable plea agreement in which the Government was prevented from arguing in favor of the significantly higher guideline range recommended in the PSR. In addition to securing that agreement, counsel for Petitioner argued persuasively that this Court should provide Petitioner with leniency based on the hardship Petitioner's family would suffer as a result of his incarceration and based on Petitioner's attempts at cooperating with the Government. Absent the favorable plea agreement and counsel's arguments on Petitioner's behalf, Petitioner almost certainly would have received a much harsher sentence than the one he ultimately received, and even had counsel raised the substance abuse argument Petitioner now presents, this Court would not have sentenced Petitioner to less than the fifty-seven months he did receive. As a result, Petitioner cannot show that he was prejudiced by counsel's representation at sentencing. *Judge*, 119 F. Supp. 3d at 280-81. There is no reasonable likelihood that Petitioner would have received a lesser sentence had counsel raised Petitioner's history of alcohol abuse at sentencing, and as a result Petitioner can establish neither *Strickland* prejudice nor ineffective assistance of counsel, and Petitioner is therefore not entitled to relief on

his sentencing related claim. *Id.*; *see also United States v. Hankerson*, 496 F.3d 303, 311-12 (3d Cir. 2007) (a petitioner fails to establish *Strickland* prejudice based on an alleged failure to make mitigating arguments where Petitioner cannot show that, but for the failure to present those arguments, he would have received a lesser sentence).

In his final claim, Petitioner attempts to assert that his trial counsel failed to adequately challenge the amount of restitution he was ordered to pay following his conviction. "The plain and unambiguous language of § 2255 indicates that the statute only applies to '[a] prisoner in custody . . . claiming the right to be released." *United States v. Trimble*, 12 F. Supp. 3d 742, 745 (E.D. Pa. 2014). Restitution orders, however, do not present a sufficient restraint on a petitioner's liberty to constitute "custody" for habeas purposes. *Id.*; *see also Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003); *United States v. Ross*, 801 F.3d 374, 380-81 (3d Cir. 2015). Because § 2255 permits only challenges to custody and restitution orders do not qualify as "custody," the statute does not provide petitioners with an avenue for relief from such orders, and a petitioner may therefore not challenge an order of restitution through a § 2255 motion. *See Ridley v. Smith*, 179 F. App'x 109, 111 (3d Cir. 2006) (quoting *United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999) (collecting cases)); *see also Kaminski v. United States*, 339 F.3d 84, 87-89 (2d Cir. 2003). The caselaw is also clear that such a claim challenging restitution does not become cognizable under § 2255 merely because it is bundled within a motion which also presents cognizable habeas claims challenging the petitioner's physical custody. *Trimble*, 12 F. Supp. 3d at 745-46; *Kaminski*, 339 F.3d at 89. As the Second Circuit explained in *Kaminski*:

> Habeas lies to allow attacks on wrongful custodies. There is therefore no reason why the presence of a plausible claim against a custodial punishment should make a noncustodial punishment more amenable to collateral review than it otherwise might be. . . . Collateral relief from noncustodial punishments is not made more readily available to a petitioner just because that petitioner happens

8

> at the time to be subject also to custodial penalties. And, the mere fact that the sentencing court chose to impose incarceration on a defendant in addition to restitution does not, as to the restitution order, distinguish that defendant from someone who, having been convicted, received a punishment that did not include any custodial element

339 F.3d at 89. Likewise, that the challenge to the restitution order is presented as an ineffective assistance of counsel claim does not change this result. *Trimble*, 12 F. Supp. 3d at 746; *see also Shephard v. United States*, 735 F.3d 797, 798 (8th Cir. 2013); *Kaminski*, 339 F.3d at 85 n. 1; *United States v Thiele*, 314 F.3d 399, 402 (9th Cir. 2002); *Smullen v. United States*, 94 F.3d 20, 26 (1st Cir. 1996); *United States v. Segler*, 37 F.3d 1131, 1137 (5th Cir. 1994); *but see Weinberger v. united States*, 268 F.3d 346, 351 n. 1 (6th Cir. 2001). As Petitioner's restitution based ineffective assistance of counsel claim challenges only the restitution order levied against Petitioner, and does not in any way address his physical custody, it does not present a cognizable habeas claim and must be dismissed as such. *Trimble*, 12 F. Supp. 3d at 746; *Kaminski*, 339 F.3d at 89.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c) the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). For the reasons expressed above, all of Petitioner's claims are without merit and Petitioner has therefore failed to make a substantial showing of the denial of a constitutional right. As jurists of reason would therefore not disagree with this Court's denial of Petitioner's claims, this Court will deny Petitioner a certificate of

appealability.

## IV. CONCLUSION

For the reasons set forth above, Petitioner's amended motion to vacate sentence (ECF No. 5) is DENIED and Petitioner is DENIED a certificate of appealability. An appropriate order follows.

                                  /s/
                         Hon. Jose L. Linares,
                         United States District Judge